**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LUIS MARTIN ALZUARTE PENALOZA,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | **EP-26-CV-01879-DB** |
| **v.** | § | |
| | § | |
| **FERNANDO RAMIREZ,** *Warden, El Paso Service Processing Center*, *et al.*, | § | |
| **Respondents.** | § | |

**ORDER TO SHOW CAUSE & PREVENT PETITIONER'S REMOVAL FROM DISTRICT AND UNITED STATES**

On this day, the Court considered the above-captioned case. On July 10, 2026, Petitioner Luis Martin Alzuarte Penaloza filed a "Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1. Petitioner is currently detained at the El Paso Processing Center in the Western District of Texas. ECF No. 1 at 1. He argues his detention is unlawful and asks the Court to order his release. *Id.* at 7. Petitioner is a Mexican national who entered the United States most recently in 2002. *Id.* at 8. On April 4, 2026, immigration authorities detained Petitioner while he was working at a construction site. *Id*. Petitioner alleges has not been provided a bond hearing before an immigration judge in violation of his Fifth Amendment due process rights. *Id.*

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025).[1] As such, it appears from the writ that

---

[1] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change the outcome in *Viera* or the Court's subsequent decisions, which were decided on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See,*

it should be granted.[2] Nonetheless, this Court will afford Respondents three days to respond as to why it should not be. In so doing, Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.[3]

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court

---

*e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

[2] 28 U.S.C § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. . .").

[3] On July 2, 2026, a Fifth Circuit panel issued an opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, ECF No. 160 (5th Cir. July 2, 2026) wherein it held noncitizens like the named petitioners have due process rights and the "Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." The same day, a judge of that court withheld the issuance of the mandate. *Id.* at ECF No. 166. "A Court of Appeals' judgment or order is not final until issuance of the mandate, at that time the parties' obligation becomes fixed." FED. R. APP. P. 41(c), Advisory Committee's Notes, 1998 Amendment.

The question of whether district courts are required to apply a panel decision despite a withheld mandate is unsettled, and the Fifth Circuit has yet to address the issue. *E.g., compare Martin v. Singletary,* 965 F.2d 944, 945 n.1 (11th Cir. 1992) (explaining that even a stay in the issuance of a mandate does not impact the precedential value of published opinions) with *United States v. Swan*, 327 F. Supp. 2d 1068 (D. Neb. 2004) (noting principles of stare decisis require restraint in use as precedent of a decision that is not yet final). The Court recognizes its obligation to follow Fifth Circuit decisions that have precedential effect. Nevertheless, the Court finds it is not bound to follow *Sosnava Rodriguez* at this time since the decision is not yet final. Considering it only persuasive authority, this Court will continue granting a bond hearing or release in these circumstances without requiring a 90-day detention period.

orders them not to do so,[4] this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

Accordingly, **IT IS HEREBY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ should not be granted by filing a response **no later than July 15, 2026.**

[4] *See, e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than July 17, 2026.**

**SIGNED** this **10th** day of **July 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**